UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re: )
 )
COUPOUNAS, LLC d/b/a GOLITE, LLC, ) Case No. 14-23906 EEB
 ) Chapter 11
 Debtor in Possession )

**VERIFIED EMERGENCY MOTION FOR APPROVAL AND ENTRY OF AGREED ORDER AUTHORIZING INTERIM RELIEF FOR (I) DEBTOR-IN-POSSESSION TO OBTAIN POST PETITION FINANCING; (II) USE OF CASH COLLATERAL, AND (III) PROVIDING ADEQUATE PROTECTION AND MODIFYING AUTOMATIC STAY**

The above Debtor and Debtor-in-Possession (the "Debtor"), hereby file their Verified Emergency Motion for Approval and Entry of Agreed Order Authorizing Interim Relief for (I) Debtor-In-Possession to Obtain Post Petition Financing; (II) Use of Cash Collateral; and (III) Providing Adequate Protection and Modifying Automatic Stay. In support of this Motion, the Debtors state as follows:

I. **RULE 4001(b)(1) and (c)(1) STATEMENT OF RELIEF REQUESTED**

1. As further described in this Motion, the Debtor is seeking, pursuant to §§363, 364 of the Bankruptcy Code, an order from this Court authorizing the Debtor to obtain post-petition financing from its pre-petition lender, GemCap Lending, I, LLC ("**Secured Lender**"), and to use cash collateral on the terms and conditions set forth in the proposed Agreed Order Authorizing Interim Relief For (I) Debtor-In-Possession To Obtain Post-Petition Financing; (II) Use of Cash Collateral, and (III) Providing Adequate Protection and Modifying Automatic Stay ("**Proposed Order**"), a copy of which is attached hereto and incorporated herein as **Exhibit A**.

2. In accordance with Bankruptcy Rule 4001(b)(1) the material provisions of the proposed DIP Agreement are summarized as follows:

    a. <u>Interest Rate</u>. The "Interest Rate" shall be the non-default base rate of 18%. *Proposed Order*, Paragraph 4.

    b. <u>Maturity Date</u>. Provided an Event of Default, the DIP Obligations shall become due upon November 14, 2014. *Proposed Order*, Paragraph 8.

    c. <u>Events of Default</u>. The occurrence or existence of any one or more of the following events or conditions, whether voluntary or involuntary, shall constitute an "Event of Default" under the Proposed Order:
Debtor's failure to perform any of its obligations pursuant to Proposed Order including, without limitation, paying Secured Lender the scheduled monthly interest payments as

provided in paragraph 4 of the Proposed Order; (b) Debtor's failure to comply with the Budget as described and set forth in paragraph 3 of the Proposed Order; (c) the appointment of a trustee pursuant to either sections 1104(a)(1) or, 1104(a)(2) of the Bankruptcy Code; (d) the appointment of an examiner with expanded powers; (e) the conversion or dismissal of this case; (f) the entry of an order providing for relief from the automatic stay on any item comprising the DIP Collateral; (g) failure of the Debtor to file a motion by October 21, 2014 seeking authority to sell or liquidate substantially all of its assets; (h) failure to obtain approval of this Order as a final order on or before November 6, 2014; (i) failure to close a sale of the Debtor's assets and deliver the proceeds (up to the aamount DIP Obligations and remaining Pre-Petition Secured Debt then due) to the Secured Lender by November 14, 2014; (j) except as specifically consented to by the Secured Lender, in writing, any failure by the Debtor to immediately deliver to Secured Lender any and all net proceeds derived from the sale of any property constituting the Pre-Petition Collateral or the DIP Collateral; (k) the entry of any order amending, modifying, violating, contradicting, reversing, revoking, staying, rescinding or vacating this Order without the express prior written consent of Secured Lender (which may be withheld in Secured Lender's sole discretion and shall not be implied from any other action, inaction or acquiescence by Secured Lender); (l) conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (m) the creation of a lien or security interest in favor of any person or entity other than the Secured Lender on the DIP Collateral that is equal or greater in priority to the liens granted to Secured Lender under Paragraph 2(c); or (n) failure to obtain entry of an order by November 13, 2014 approving a sale or liquidation of all of the Debtor's assets. Debtor acknowledges that any Event of Default shall constitute cause to grant Secured Lender relief from the automatic stay.

*Proposed Order*, Paragraph 9.

    d.    <u>Liens</u>.

The Proposed Order provides that with respect to DIP Obligations, Secured Lender shall be granted and deemed to hold: (i) valid, perfected first priority security interests in and liens upon all "DIP Collateral" (other than Pre-Petition Collateral) as that term is defined and described herein which liens shall be senior to all other liens, interests and encumbrances; and (ii) valid, perfected second priority security interests in the portion of the DIP Collateral comprised of Pre-Petition Collateral, subject only to the liens securing the Pre-Petition Secured Debt. "**DIP Collateral**" shall consist of all property of the Debtor, including but not limited to the Pre-Petition Collateral, and any and all post-petition property of the Debtor including, but not limited to all accounts, deposit accounts, cash, chattel paper, contract rights, depository accounts, documents, equipment, tax refunds, fixtures, general intangibles (including, but not limited to, patents and trademarks), goods, inventory, investment property, instruments, intangibles, patents, real property, supporting obligations, trademarks, instruments, letter of credit rights, other rights to payment, and other personal and real property of any kind and all proceeds and products thereof. Notwithstanding anything to the contrary herein or otherwise, DIP Collateral shall not include any of the Debtor's avoidance actions arising under Sections 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code

G:\A-D\Coupounas 11194\002 GoLite\Pleading Drafts\14-10-15 Agreed Order Interim Relief\14-10-20 Motion to Borrow Use Cash Collateral v1.doc

2

*Proposed Order*, paragraph 2(c).

 e. <u>Borrowing Limits</u>. The maximum amount of the DIP Loans shall not exceed $391,000 (plus interest, fees and other expenses provided for in the Loan Documents).

*Proposed Order*, paragraph 2(a).

 f. <u>Borrowing Conditions</u>. The proposed funds are subject to the *Proposed Order* as well as the Debtor having "Availability" and otherwise complying with the Loan Documents.

 g. <u>Form of Order</u>. A copy of the Proposed Order is attached hereto and incorporated herein as **Exhibit A**.

 h. <u>Priority of Claims and Liens</u>. All DIP Obligations shall constitute allowed claims against the Debtor with priority over any and all administrative expenses, diminution claims and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 364(c), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726, 1113 or 1114 of the Bankruptcy Code, which allowed claims shall be payable from and have recourse to all pre- and post-petition property of the Debtor and all proceeds thereof; provided however, the Secured Lender's super-priority administrative claim shall be subordinate to the Carve-Outs.

*Proposed Order*, paragraph 2(c).

 i. <u>Adequate Protection for Pre-Petition Claim</u>.

<u>Replacement Lien</u>. Secured Lender shall have a first priority security interest in and lien upon all post-petition property of the Debtor and its estate to the same extent, validity and priority as the Secured Lender's pre-petition security interests and liens, and which security interest and lien in the such post-petition property shall be subject only to the security interests and liens in and upon the DIP Collateral (other than the Pre-Petition Collateral) securing the DIP Obligations. The security interests and liens granted to the Secured Lender shall not be subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtors and its estate under section 551 of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the Secured Lender's security interests and liens shall not attach to any and all rights and claims arising under chapter 5 of the Bankruptcy Code.

G:\A-D\Coupounas 11194\002 GoLite\Pleading Drafts\14-10-15 Agreed Order Interim Relief\14-10-20 Motion to Borrow Use Cash Collateral v1.doc

3

<u>Super-Priority Expense Claim</u>. To the extent of any diminution in the value of the Pre-Petition Collateral, Secured Lender is hereby granted an allowed super-priority administrative claim pursuant to Section 507(b) of the Bankruptcy Code which shall have priority over any and all other indebtedness, liabilities and obligations of the Debtor, now in existence or hereafter incurred by the Debtor, and over all administrative expenses or priority claims of any kind including, without limitation, those specified in or ordered pursuant to Sections 105, 326, 328, 330, 331, 364(c), 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d),726, 1113 or 1114 of the Bankruptcy Code; <u>provided</u> <u>however</u>, the Secured Lender's super-priority administrative claim shall be subordinate to the Carve-Outs.

*Proposed Order*, pargraph 6

    j.    <u>Validity of Pre-Petition Claim</u>.

**The Debtor acknowledges the extent, validity and priority of Secured Lender's claims. Parties in interest have until December 1, 2014 to assert any challenges.**

*Proposed Order*, Paragraphs D, E and 20.

    k.    <u>Waiver or Modification of Automatic Stay</u>. The Debtors have waived application of the automatic stay to the Secured Lender to collect and apply proceeds of Pre-Petition Collateral and the DIP Collateral and to allow Secured Lender to perfect its liens and security interests in the DIP Collateral.

*Proposed Order*, paragraph 15.

    l.    <u>Waiver of Rights to File Plan, Use Cash Collateral or Obtain Credit</u>.

**The Proposed Order includes milestones that require a prompt sale and also provides for termination of use of cash collateral upon an Event of Default.**

    m.    <u>Deadline for Confirming Plan</u>.

None, except the Proposed Order includes milestones that require a prompt sale.

G:\A-D\Coupounas 11194\002 GoLite\Pleading Drafts\14-10-15 Agreed Order Interim Relief\14-10-20 Motion to Borrow Use Cash Collateral v1.doc

4

    n.    **Waiver of Non-Bankruptcy Law Regarding Perfection.**

**The Debtor does stipulate to the priority and perfection of Secured Lender's liens and security interest. Parties in interest have until December 1, 2014 to assert any challenges.**

*Proposed Order*, Paragraphs D, E and 21.

    o.    **Release or Waiver of Claims or Actions.**

**Parties in interest have until December 1, 2014 to assert any challenges, claims or actions against Secured Lender.**

*Proposed Order*, Paragraphs D, E and 21.

    p.    **Indemnification.**

None.

    q.    **Fees.**

None, except Debtor shall reimburse Secured Lender for its reasonable attorney's fees and expenses.

*Proposed Order*, paragraph 19.

    r.    **Waiver of §506(c) Claims.** The Debtors are waiving any §506(c) claims against the DIP Lender. *Proposed Order*, paragraph 7.

    s.    **Exit Financing and Exclusivity.**

No exit financing is contemplated as Debtor is selling/liquidating all assets.

    t.    **Lien on Avoidance Actions.** None

3.    A further description of the proposed financing is set out in the Proposed Order.

4.    In accordance with Fed.R.Bankr.Pro. 4001(b)(1), the concise statement of the relief requested in regard to the Debtors' proposed use of cash collateral is as follows:

    a.    **Name of Entities With Asserted Interests in Cash Collateral.** These entities are: (i) GemCap Lending I, LLC.

      b.    <u>Purposes for Use of Cash Collateral</u>. To fund general overhead, administrative expenses and operating expenses as further described in the budget, attached to the Proposed Order to enable the Debtor to sell its assets for maximum value.

      c.    <u>Material Terms</u>. The Debtor's use of cash collateral shall be subject to Availability, shall be in accordance with the Budget, the terms set forth above with respect to adequate protection and other terms.

      d.    <u>Adequate Protection for Use of Cash Collateral</u>. See Paragraph 2(i) above.

## II. BACKGROUND

### A. <u>Jurisdiction and Venue</u>

5. Debtor's filed its voluntary petition under Chapter 11 of the Bankruptcy Code on October 13, 2014 (the "Petition Date").

6. The Debtor continues to manage and operate its business as Debtors-in-Possession under Sections 1107 and 1108 of the Bankruptcy Code.

7. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. These matter constitute a core proceedings under 28 U.S.C. § 157(b)(2).

### B. <u>Background Facts Concerning the Debtors.</u>

8. Debtor is in the business of selling outdoor apparel and equipment under the trade name "GoLite" through retail channels as well through internet sales. Debtor was founded in 1998 and is based in Boulder, Colorado. Debtor initially sold its products through third party retails. In January 2012 started doing direct to sale consumer sales quickly growing to five times its previous size. Debtor expanded and imported twenty retail outlets in the western United States. Debtor has suffered from significant losses and has shrunken its store base from 20 locations to 6 locations in 2014. Debtor has the significant amounts due and owing to its trade creditors and has a limited capital. Debtor believes that it will need to quickly consummate a sale of substantially all of its assets in order to maximize recovery for the creditors of its estate.

9. Debtor has investigated sources of financing in order to fund operations. Debtors have attempted to obtain: (i) unsecured credit allowable under §364(a) or (b) of the Bankruptcy Code, but have not been successful at this time, and (ii) secured credit under §364(c) of the Bankruptcy Code, on terms more favorable than under the terms provided herein. Such credit has proved to be unavailable to the Debtors.

10. Without the funds being provided as part of the DIP Loan, the Debtor will not be able to continue its operations and sell its assets and/or business as a going concern to maximize

recovery for the creditors. The Debtor believes that a shut down liquidation is not in the best interest of creditors and significant amounts of "going concern" value would be lost in such a process. The Debtor believes that unsecured creditors will receive little or nothing in such a shut down liquidation.

11. Debtor has been involved in ongoing negotiations with its pre-petition secured lender, GemCap Lending I, LLC. As of the petition date, GemCap was owed approximately $820,000.

12. GemCap has a first priority lien and security interests in substantially all of the Debtor's assets which consist primarily of inventory and accounts receivables. GemCap as pre-petition secured lender properly perfected its liens and security interests by filing UCC-1 Statements with the Colorado Secretary of State.

13. Debtor is in need of continued use of cash collateral and additional financing to consummate the sale of substantially all of its assets. Debtor has negotiated in length with its secured lender in the form of Proposed Order is part of this arms lengths negotiations. Debtor believes that the Proposed Order is reasonable under the circumstances of this case and provides Lender with reasonable protection while at the same time preserving and ensuring that all creditors and parties in interest will have a fair opportunity to investigate and evaluate potential claims.

## VIII. REQUEST FOR RELIEF

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order in substantially the same form attached hereto as Exhibit A thereby approving and authorizing the post-petition funding and use of cash collateral. Debtor requests an immediate hearing to avoid immediate and irreparable harm to the estate. The Debtors also request that this Court enter any additional and further relief as this Court deems just and appropriate.

Dated this 20th day of October, 2014.

*s/James T. Markus*
James T. Markus (# 25065)
Donald D. Allen (# 10340)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 Lincoln Street, Suite 4550
Denver, Colorado 80203
Telephone (303) 830-0800
Facsimile (303) 830-0809
email: jmarkus@markuswilliams.com

G:\A-D\Coupounas 11194\002 GoLite\Pleading Drafts\14-10-15 Agreed Order Interim Relief\14-10-20 Motion to Borrow Use Cash Collateral v1.doc

7

## VERIFICATION OF DEMETRI COUPOUNAS

I declare under penalty of perjury that the foregoing Verified Emergency Motion for Approval and Entry of Agreed Order Authorizing Interim Relief for (I) Debtor-In-Possession to Obtain Post Petition Financing; (II) Use of Cash Collateral; and (III) Providing Adequate Protection and Modifying Automatic Stay is true and accurate to the best of my knowledge.

_____     Dated: 10/20/14
Demetri Coupounas

G:\A-D\Coupounas 11194\002 GoLite\Pleading Drafts\14-10-15 Agreed Order Interim Relief\14-10-20 Motion to Borrow Use Cash Collateral v1.doc

8