UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 14-23906-EEB |
| COUPOUNAS, LLC d/b/a GOLITE, LLC ) | |
| xxx-xx-0555 ) | Chapter 11 |
| Debtor in Possession ) | |
| ) | |
| ) | |

___

**ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS, (B) AGENCY AGREEMENT SUBJECT TO HIGHER AND BETTER BIDS (C) SCHEDULING A SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE RELATED THERETO; AND (E) GRANTING RELATED RELIEF**

___

This matter is before the court on the Emergency Motion of Debtor to Approve Comprehensive Sale Process Relating to Store Closing Sales and Sale to the Highest Bidder and to (A) Approve Agency Agreement, Bid Procedures and Bid Protections; (B) Schedule a Sale Hearing; (C) Approve the Form and Manner of Notice Related Thereto; (D) Authorize Sale Free and Clear of All Liens, Claims, Encumbrances and Interests; and (E) Grant Related Relief (the "**Motion**"); and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The procedural aspects of the Motion are granted.

2. The Debtor is authorized to enter into the Agency Agreement attached as Exhibit A to the Motion with Hilco Merchant Resources, LLC ("**Hilco**"), subject to higher or otherwise better bids at the Auction.

3. The Bid Protections set forth in Section 16 of the Agency Agreement, including the (i) Break-Up Fee and (ii) Expense Reimbursement are a reasonable inducement for Hilco offer to serve as Debtor's exclusive agent to conduct a Liquidation Transaction on the terms set forth in the Agency Agreement and compensation for the risks and lost opportunity costs incurred by Hilco.

4.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5.  If the Debtor elects to pursue an alternative higher/better transaction, whether with another party serving as liquidating agent or to a going concern buyer or otherwise, Debtor shall pay to Hilco a break up fee in the amount of twenty-five thousand dollars ($25,000) (the "**Break-Up Fee**") and an expense reimbursement of Hilco's actual out of pocket legal and due diligence costs not to exceed $15,000 ("**Expense Reimbursement**").  [In addition, if Hilco is not the winning bidder, then such winning bidder shall also purchase Hilco's signage for the Sale and reimburse Hilco for the out of pocket shipping costs associated with the signage, in an amount not to exceed $18,000.

6.  Payment to Hilco of the Break-Up Fee and Expense Reimbursement (i) is an actual and necessary cost and expense of preserving the Debtor's estate within the meaning of section 503(b) of the Bankruptcy Code, (ii) is of substantial benefit to the Debtor's estate, (iii) is reasonable and appropriate, including in light of the size and nature of the proposed Liquidation Sale and the efforts that have been and will be expended by Hilco, notwithstanding that the proposed Liquidation Transaction is subject to higher or otherwise better offers, (iv) was negotiated on an arm's-length basis and in good faith, and (v) is necessary to ensure that Hilco will continue to be bound to the offer contained in the Agency Agreement.

7.  The Bid Protections are hereby approved and, where applicable, shall be paid to Hilco. Pursuant to sections 105, 363, 364, 503, 506 and 507 of the Bankruptcy Code, the Debtor is hereby authorized and directed to pay, without further order of this Court, the Break-Up Fee and Expense Reimbursement, pursuant to the terms and conditions set forth herein.

8.  No person or entity, other than Hilco, shall be entitled to any expense reimbursement, break-up fee, "topping," termination, or other similar fee or payment, whether paid by the Debtor or otherwise.

9.  The Court approves the following bidding and auction procedures which shall govern the submission and acceptance of competing bids at the Auction:

    A.  The Debtor will cooperate with and provide access to potential bidders who seek to conduct diligence (collectively, the "**Potential Bidders**").

    B.  Within one (1) business day following the entry of the Bid Procedures Order, the Debtor will serve the Notice (as defined below) on: (a) the Office of the United States Trustee for the District of Colorado, (b) the Debtor's twenty largest unsecured creditors, (c) counsel to GemCap, (c) all parties known to be asserting a lien in the Debtor's assets, (d) each of the Debtor's landlords, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the Office of the Attorney General of the State of Colorado, (h) the city of Boulder, Colorado, (i) Boulder County, Colorado, (j) City and County of Denver, Colorado, (k) the city of Ft. Collins, Colorado, (l) Weld County, Colorado (m) the city of Lakewood Colorado, (n) Jefferson County, Colorado, (o) Durango, Colorado, (p) La Plata County, Colorado (q) Town of Silverthorne,

Colorado, (r) Summit County, Colorado, (s) counsel for the official committee of unsecured creditors (the "**Committee**"), and (t) all entities entitled to notice pursuant to Bankruptcy Rule 2002.

C.  On or before 4:00 p.m. Prevailing Mountain Time on **November 10, 2014** (the "**Bid Deadline**"), each Potential Bidder must submit a Qualified Bid (as defined below) to the following: (i) counsel to the Debtor, Markus Williams Young & Zimmermann LLC 1700 Lincoln, Suite 4550, Denver, Colorado 80203, Attn: James T. Markus, Esq. and Donald D. Allen, Esq., (ii) counsel to GemCap, Cohen Tauber Spievack & Wagner P.C., 420 Lexington Avenue, Suite 2400, New York, NY 10170, Attn: Robert A. Boghosian, and (iii) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Richelle Kalnit, Esq. and Jeremy Rothstein, Esq. (collectively, the "**Bid Recipients**").

D.  Neither of the Bid Recipients shall be permitted to share the bids received among the bidders. All Bids are irrevocable until seven days after the Sale Hearing.

E.  All Liquidation Transaction bids shall be based upon substantially the same terms and conditions of the Agency Agreement submitted by Hilco and shall provide for a Guaranty Percentage (as defined in the Agency Agreement) of at least sixty-nine percent (69.0%).[1] Going Concern Transaction bids are not subject to an initial overbid requirement and will be based on a proposed asset purchase agreement (the "**Form APA**") to be provided by the Debtor to prospective Going Concern Transaction bidders.

F.  Bids for a Liquidation Transaction or a Going Concern Transaction that meet the following conditions shall be deemed "Qualified Bids," and bidders submitting Qualified Bids shall be deemed "Qualified Bidders":

(i) To be considered by the Debtor as a Qualified Bid, such bid must (unless otherwise determined by the Debtor, in consultation with GemCap and the Committee): (a) give sufficient indicia that the bidder or its representative is legally empowered, by power of attorney or otherwise, to both bid on behalf of the bidder and also to complete and sign, on behalf of the bidder, a binding and enforceable agency agreement or an asset purchase agreement, as applicable; (b) shall provide for the bidders purchase of Hilco's signage for the Sale and reimburse Hilco for out of pocket shipping costs associate with the signage, collectively not to exceed $18,000; (c) in the case of a Liquidation Transaction, deliver to the Bid Recipients on or before the Bid Deadline, (A) written evidence of the bidder's ability to consummate the transaction as required by the Debtor, (B) a redline version of the submitted Agency Agreement compared to the Agency Agreement submitted by Hilco, (C) a clean version of the

---

[1] If potential liquidation bidders propose other modifications to the Hilco Agency Agreement, any such modifications will be considered by the Debtor, in consultation with GemCap and the Committee, in determining how to evaluate such bid, including whether to accept or reject such Bid.

submitted Agency Agreement executed by such liquidation bidder which does not contain any contingencies including, but not limited to due diligence and financing contingencies, and (d) in the case of a Going Concern Transaction, deliver to the Bid Recipients on or before the Bid Deadline (I) written evidence of the bidder's ability to consummate the transaction as required by the Debtor, (II) a redline version of an Asset Purchase Agreement compared to the Form APA, and (III) a clean version of the submitted Asset Purchase Agreement executed by such Going Concern Transaction bidder which does not contain any contingencies including, but not limited to due diligence and financing contingencies. Any bidder making a Going Concern Transaction Bid shall provide a deposit an amount not less than ten percent (10%) of the purchase price of such bidder's bid (which requirement may not be waived by the Debtor). If one or more Going Concern Transaction proposals are received, the Debtor in consultation with GemCap and the Committee, will evaluate which, if any, of such bids should be deemed Qualified Bids for purposes of participating in the Auction as described below.

(ii) Potential Bidders shall be required to complete and execute a confidentiality agreement. Upon execution of a confidentiality agreement, Debtor will provide reasonable access to due diligence material.

(iii) The Debtor, in consultation with GemCap and the Committee will determine (i) whether a bid(s) is a Qualified Bid(s), and (ii) at the conclusion of the Auction, which bid constitutes the highest and/or otherwise best bid.

(iv) The Bid Recipients and each bidder and all other entities shall keep Qualified Bids confidential. Debtor, in consultation with GemCap and the Committee may request additional information from a bidder to evaluate the bidder's ability to consummate a transaction and to fulfill its obligations in connection therewith, and such bidder shall be obligated to provide such information.

(v) Each bidder, as a consequence of submitting a bid, shall be deemed to acknowledge: (a) that it is bound by these bidding procedures; (b) that it had an opportunity to inspect and examine the Debtor's assets and to review all pertinent documents and information with respect to the Debtor's Assets before making its offer and that each such bidder relied solely on that review and upon its own investigation and inspection in making its bid; and (c) except as expressly provided for in the agreement accompanying its bid, such bidder is not relying upon any written or oral statements, representations or warranties of the Debtor, their agents or representatives.

(vi) At the commencement of the Auction, the Debtor in consultation with GemCap and the Committee will announce the best bid (or combination of bids) received to date and will open the Auction for other Qualified Bidders to improve upon their bid. Bidding increments will be announced at the outset of the Auction by the Debtor in consultation with GemCap and the Committee.

G. The Auction will be conducted on **November 12, 2014 at 10:00 a.m.** (Prevailing Mountain Time) at the offices of Markus Williams Young & Zimmermann

LLC, 1700 Lincoln, Suite 4550, Denver, Colorado 80203 or such other location as may be selected by the Debtor in consultation with GemCap and the Committee. Only Qualified Bidders who have complied with the Bid Procedures may improve their Bids at the Auction. Committee counsel and Committee members are permitted to attend the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best Bid is determined by Debtor in consultation with GemCap and the Committee. The Debtor in consultation with GemCap and the Committee may adopt or modify rules for the bidding process. The Debtor, in consultation with GemCap and the Committee, will select the highest or otherwise best Bid(s) at the conclusion of the Auction, subject to Court approval, and the winning bidder(s) will be required to enter into a definitive agency agreement and/or asset purchase agreement (as consensually modified by the parties, if appropriate), as applicable, before the Auction is deemed closed.

H. The Debtor with the consent of GemCap and the Committee reserves the right to, to (i) adjourn the Auction or (ii) modify the Bidding Procedures at the Procedures Hearing or at the Auction.

I. The Debtor, in consultation with GemCap and the Committee, will also determine which of such bids is the highest or otherwise best bid for purposes of determining the opening going concern bid at the Auction.

J. ANY BIDDER FAILING TO COMPLY WITH THESE REQUIREMENTS MAY NOT BE CONSIDERED A QUALIFIED BIDDER.

10. Notwithstanding anything to the contrary set forth in this Order, Hilco is deemed to be a Qualified Bidder and shall be permitted to participate and bid at the Auction.

11. The Sale Hearing will be held on **November 13, 2014 at 10:00 a.m.** (**Mountain**).

12. The Sale Hearing may be adjourned, from time to time, without further notice to parties in interest other than by announcement of the adjournment in open Court.

13. All objections to the Motion, other than with respect to the relief granted herein, and the Approval Order must be filed with the Court no later than **November 10, 2014;** provided, however, that objections to the approval of the Successful Bidder after the Auction may be raised at the Sale Hearing.

14. GemCap may credit bid its secured claims against the Debtor in the Auction.

15. The Debtor is hereby authorized to take such steps and incur such expenses as may be reasonably necessary or appropriate to effectuate the terms of the this Order.

16. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bid Protections and the Agency Agreement.

Dated: October 31, 2014        BY THE COURT

*Elizabeth E. Brown*

UNITED STATES BANKRUPTCY JUDGE