## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

COUPOUNAS, LLC d/b/a GOLITE, LLC,

Debtor in Possession.

Case No.: 14-23906-EEB

Chapter 11

### APPLICATION TO RETAIN AND EMPLOY COOLEY LLP
### AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS NUNC PRO TUNC TO OCTOBER 28, 2014

The Official Committee of Unsecured Creditors (the "Committee") of Coupounas, LLC d/b/a GoLite, LLC, (the "Debtor") hereby submits this application to retain counsel pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014 and respectfully represents as follows:

### BACKGROUND

1.      On October 13, 2014 the Debtor filed a voluntary petition for relief under the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and its properties as debtor-in-possession.  No trustee or examiner has been appointed in this case.

2.      On October 27, 2014, the Committee was appointed in this case by the Office of the United States Trustee (the "U.S. Trustee"), consisting of the following four members:  (i) LF <Trading> Ltd.; (ii) The Hollaender Manufacturing Co.; (iii) Jasper Outdoor Products, Ltd.; and (iv) Tabar, Inc.  On October 28, 2014, the Committee met and decided that it would employ the firm of Cooley LLP ("Cooley" or the "Firm") as its counsel, to advise and represent it in this

proceeding *nunc pro tunc* to October 28, 2014.  On November 3, 2014, the U.S. Trustee appointed a fifth committee member, A Garment (H.K.) Limited.

## REQUESTED RELIEF AND REASONS THEREFOR

3.      The Committee respectfully suggests that Cooley's expertise in representing unsecured creditors' committees in chapter 11 cases throughout the United States, along with Cooley's retail bankruptcy experience, will provide efficient representation to the Committee.

4.      Cooley attorneys have extensive experience in representing creditors' committees in chapter 11 proceedings such as:  Alexander Gallo Holdings in New York, New York; ArchBrook Laguna in New York, New York; Atari in New York, New York; Blockbuster in New York, New York; Beyond Oblivion in New York, New York; Boscov's in Wilmington, Delaware; Brookstone in Wilmington, Delaware; Eddie Bauer in Wilmington, Delaware; Federated Department Stores in Cincinnati, Ohio; Filene's Basement in Wilmington, Delaware; G.I. Joe's in Wilmington, Delaware; Goody's in Wilmington, Delaware; Gottschalk's in Wilmington, Delaware; KB Toys in Wilmington, Delaware; Lenox Sales in New York, New York; Levitz Home Furnishings in New York, New York; Long John Silver's Restaurants in Wilmington, Delaware; Mervyn's in Wilmington, Delaware; Montgomery Ward in Wilmington, Delaware; Ritz Camera Centers in Wilmington, Delaware; Samsonite Company Stores in Wilmington, Delaware; Sbarro in New York, New York; Sharper Image in Wilmington, Delaware; Velo Holdings in New York, New York; and Vertis Holdings in Wilmington, Delaware.

5.      Cooley also has extensive experience representing creditors' committees of outdoor clothing and equipment retailers, having represented the creditors' committees in cases including Any Mountain and Sierra Snowboards in California, Princeton Ski Shop in New

111792265 v1

Jersey, Sun 'n Ski in Texas, Altrec in Oregon, Ski Market in Massachusetts, Ski Chalet in Virginia, Edwin Watts Golf Shops in Delaware, and Steve and Barry's in New York.

6.      The Committee seeks to retain Cooley as its counsel in light of its extensive experience representing committees in similar matters and believes that Cooley is well qualified to represent it in conjunction with said matters.  The attorneys in the bankruptcy group at Cooley have significant experience representing creditors' committees in retail chapter 11 cases throughout the country, and accordingly their expertise is well established and known and should enable fees to be minimized in this proceeding.   Furthermore, time is of the essence in this case and Cooley is aware of the major matters in this case, including without limitation the Committee's need to obtain counsel in this matter.

7.      The professional services Cooley will render consist of the following:

> (a)      Attend the meetings of the Committee;
>
> (b)      Review financial information furnished by the Debtor to the Committee;
>
> (c)      Negotiate the budget and the use of cash collateral;
>
> (d)      Review and investigate the liens of purported secured parties;
>
> (e)      Confer with the Debtor's management and counsel;
>
> (f)      Coordinate efforts to sell assets of the Debtor in a manner that maximizes the value for the estate and the Committee's constituency;
>
> (g)      Advise the Committee as to the ramifications regarding all of the Debtor's activities and motions before this Court;
>
> (h)      File appropriate pleadings on behalf of the Committee;
>
> (i)      Provide the Committee with legal advice in relation to the case;
>
> (j)      Prepare various applications and memoranda of law submitted to the Court for consideration and handle all other matters relating to the representation of the Committee that may arise;

3

111792265 v1

(k)     Assist the Committee in negotiations with the Debtor's and other parties in interest on an exit strategy for this case; and

(l)     Perform such other legal services for the Committee as may be necessary or proper in this proceeding.

8.     The Committee is satisfied that Cooley has no interest which is adverse to the estate.  The Committee is of the opinion that it is necessary to employ Cooley and that such employment is in the best interest of the Debtor's estate.

9.     Cooley has agreed not to charge the Committee for time spent preparing the Committee bylaws and organizational documents.  Services by attorneys, legal assistants and staff will be charged in accordance with Cooley's customary hourly rates.  The hourly rates are set forth on Exhibit A, which is attached hereto.  The hourly rates are subject to periodic adjustment.

10.     Consistent with the Firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, photocopying, facsimiles, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.   Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately.

11.     Cooley has also advised the Committee that it intends to make application to the Court for allowance of its fees.  The compensation of Cooley for services rendered on behalf of the Committee shall be fixed by this Court after due application herein pursuant to the rules of this Court.

12.     Based upon the affidavit of Cathy R. Hershcopf filed contemporaneously herewith (the "Hershcopf Affidavit"), the Committee is satisfied that (i) Cooley represents no

4

interest adverse to the Committee, the Debtor, or its estate, in the matters upon which it is to be engaged and that its employment is in the best interest of the estate, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cooley has not been paid any retainer against which to bill fees and expenses.

13.     Cooley intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of Colorado, and the terms of any order entered in this case governing interim compensation.

### NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

14.     Notice of the instant Application is being given to the U.S. Trustee, counsel for the Debtor, Debtor's secured lender and any party having filed with the Court a request for notice.  Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

15.     No prior application has been made in this or any other Court.

16.     Cooley submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

17.     To the best of the Committee's knowledge, Cooley has no connection with the creditors or any other adverse party or its attorneys except as otherwise noted in the Hershcopf Affidavit.

**WHEREFORE,** the Official Committee of Unsecured Creditors hereby prays that it be authorized to retain and employ Cooley LLP as its counsel and that said firm be paid such compensation as may be allowed by this Court.

111792265 v1

Dated:          New York, New York
                November 11, 2014

                                        Respectfully submitted,

                                        OFFICIAL COMMITTEE OF UNSECURED
                                        CREDITORS

                                        By:     /s/ Martin Leder
                                                Martin Leder
                                                LF <Trading> Ltd.
                                                Committee Chairperson

6

111792265 v1

## EXHIBIT A

| Attorney | Status | Hourly Rate |
|---|---|---|
| Cathy R. Hershcopf | Partner | $895 |
| Richelle Kalnit | Associate | $710 |
| Matthew Leary | Associate | $710 |
| Jeremy Rothstein | Associate | $375 |
| Rebecca Goldstein | Paralegal | $285 |

111792265 v1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

COUPOUNAS, LLC d/b/a GOLITE, LLC,

              Debtor in Possession.

Case No.: 14-23906-EEB

Chapter 11

---

**AFFIDAVIT OF CATHY R. HERSHCOPF OF COOLEY LLP IN SUPPORT OF THE
APPLICATION TO RETAIN AND EMPLOY COOLEY LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS NUNC PRO TUNC TO OCTOBER 28, 2014**

---

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) **ss** |
| **COUNTY OF NEW YORK** | ) |

Cathy R. Hershcopf, being duly sworn, deposes and says:

1.      I am an attorney at law and a member of the firm of Cooley LLP ("Cooley" or the the "Firm").  I make this Affidavit pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.  I have personal knowledge of all of the facts stated in this affidavit except as expressly stated herein.

2.      Cooley is a law firm of approximately 750 attorneys with its New York office located at 1114 Avenue of the Americas, New York, New York 10036-7798 and its Colorado office located at 380 Interlocken Crescent, Suite 900, Broomfield, Colorado, 80021-8023. Subject to this Court's approval of our retention, Cooley proposes to provide legal services to the Official Committee of Unsecured Creditors (the "Committee") of Coupounas, LLC d/b/a GoLite, LLC (the "Debtor"), in this proceeding at the rates approved by the Court.

111792265 v1

## COOLEY'S DISCLOSURE PROCEDURES

3.      Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtor in matters unrelated to the Debtor's pending chapter 11 case.  Cooley, which employs approximately 750 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtor's pending chapter 11 case or to otherwise have interests in this case.

4.      In order to prepare this affidavit, Cooley compared the Debtor's bankruptcy petition and list of top 20 creditors, along with the pleadings that have been filed with the Court to date, with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "Conflict Check System").  The facts stated in this affidavit as to the relationship between Cooley lawyers and the Debtor, the Debtor's creditors, other parties in interest, the respective attorneys and accountants, the United States Trustee ("U.S. Trustee"), other persons employed by the Office of the U.S. Trustee, and those persons and entities who are defined as not disinterested persons in § 101(14) of the Bankruptcy Code are based upon the results of the review of the Conflict Check System.  I understand that there is a continuing duty to disclose any adverse interest and change in disinterestedness.

5.      The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the Firm's business.  These procedures are designed to include every matter on which the Firm is now or has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney

2

111792265 v1

in the Firm that is knowledgeable about the matter.  It is Cooley's policy that that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.  As a partner of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

**COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN
MATTERS UNRELATED TO THIS CHAPTER 11 CASE**

6.      Any client connections with regard to which Cooley had represented the client within the past two years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtor's estate.

7.      To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtor or has a right to acquire such an interest.

8.      No attorney at Cooley is or has served as an officer, director, or employee of the Debtor.

9.      No attorney at Cooley is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

3

111792265 v1

10.     No attorney at Cooley is a general or limited partner of a partnership in which the Debtor are also a general or limited partner.

11.     No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

12.     No attorney at Cooley has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

13.     No attorney at Cooley presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, any person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate, except as follows:

- Cooley has in the past represented, currently represents, and may represent in the future LF <Trading> Ltd. (and/or its affiliates), a committee member in this case, in its capacity as an official committee member in other chapter 11 cases, all of which involve matters wholly unrelated to this chapter 11 case.

- Cooley currently represents DDR Aspen Grove Lifestyle Ctr. (and/or its affiliates), an unsecured creditor in this case, in its capacity as an official committee member in other chapter 11 cases, all of which involve matters wholly unrelated to this chapter 11 case.

- Cooley currently represents and may represent in the future affiliates of Zenith International Ltd., a creditor of the estate, in matters wholly unrelated to this chapter 11 case.  The aggregate revenue derived from these representations is less than 1% of Cooley's revenue for the past two years.

4

- Creditor American Express (and/or its affiliates) is an unsecured creditor in other chapter 11 cases in which Cooley represents the official committee of unsecured creditors, all of which involve matters wholly unrelated to this chapter 11 case.

- Cooley has in the past represented various joint ventures in connection with the liquidation or purchase of assets in matters wholly unrelated to this proceeding. Entities that have been part of these joint ventures included Hilco Merchant Resources and its affiliates, the stalking horse bidder in this case.  These firms are well known nationally as firms which either make proposals to acquire assets or assist companies in conducting sales of assets, or joint venture in different combinations depending upon the economics of the transaction being contemplated.  Cooley does not believe that the representation of certain joint ventures consisting of various combinations of the above-stated entities, either together or in combination with other nationally-recognized liquidation firms, in matters wholly unrelated to this proceeding is adverse to the interests of the Debtor and its creditors.  Cooley is not currently representing any of these entities in any matter.

15.     To the best of my knowledge no attorney at Cooley has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to this proceeding except as set forth in the preceding paragraph.

16.     No attorney at Cooley represents an insider of the Debtor, any subsidiary, or other affiliate.

5

17.     No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in this proceeding except as set forth herein.

18.     There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

19.     No attorney at Cooley has any other connection with the Debtor, creditors, U.S. Trustee, or any employee of that office, or any parties in interest in this proceeding.

20.     To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

## COOLEY'S RATES AND BILLING PRACTICES

21.     The services Cooley has agreed to perform are detailed in the accompanying retention application and the same is incorporated herein by reference.  The attorneys and professionals who are presently contemplated to be working on the engagement and their present hourly rates are set forth in the retention application.  The attorney having primary responsibility on the engagement shall be affiant, a partner in the Firm.

22.     Cooley has agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with this proceeding and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court.  Cooley realizes that any application for fees must be supported by detailed contemporaneous time records.  Cooley also understands that this Court's approval of its retention application is not approval of any proposed terms of compensation, and under § 328(a) of the Bankruptcy Code this Court may allow compensation on terms different from those proposed.

6

111792265 v1

23.     Cooley intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the terms of any order entered in this case governing interim compensation.

24.     Cooley has agreed not to charge the Committee for time spent preparing the Committee bylaws and organizational documents.  Services by attorneys, legal assistants and staff will be charged in accordance with Cooley's customary hourly rates.  The hourly rates are subject to periodic adjustment.

25.     Consistent with Cooley's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.  Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.  Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

26.     Cooley did not receive a retainer with respect to this representation.

27.     Notice of the retention application along with this affidavit is being given to the Office of the U.S. Trustee, counsel for the Debtor, counsel to Debtor's secured lender and any party having filed with the Court a request for notice.  Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

7

111792265 v1

Dated:        New York, New York
              November 11, 2014

                                                        /s Cathy R. Hershcopf
                                                        Cathy R. Hershcopf

Sworn to before me this
10th day of November, 2014



_____

 /s/ Theresa K. Hammond

Notary Public

THERESA K. HAMMOND
Notary Public, State of New York
No. 4650925
Qualified in Suffolk County
Commission Expires July 31, 2017

8

111792265 v1