# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| COUPOUNAS, LLC d/b/a GOLITE, LLC, ) | Case No. 14-23906 EEB |
| xxx-xx-0555 ) | Chapter 11 |
| Debtor in Possession ) | |

## DEBTOR'S MOTION FOR APPROVAL OF TAX SETTLEMENT AGREEMENT AS COMPROMISE UNDER FED. R. BANKR. P. 9019

The above-captioned Debtor and Debtor-in-Possession ("**Debtor**") by and through undersigned counsel, herby files its Motion For Approval of Tax Settlement Agreement as Compromise under Fed. R. Bankr. P. 9019 (this "**Motion**"). In support of this Motion, the Debtor in Possession (the "Debtor"), by and through its counsel, respectfully represents:

## I. GENERAL BACKGROUND

### A. Procedural Status

1. On October 13, 2014, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code. The Debtor continues in possession of its properties and in management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed herein.

3. On October 28, 2014, an Official Committee of Unsecured Creditors ("**Committee**") was appointed by the United States Trustee (Docket #44).

4. On November 13, 2014, this Court entered its Order Approving Sale of All or Substantially All of Debtor's Assets and Granting Related Relief (Docket #82) (the "**Sale Order**").

5. The Colorado Department of Revenue asserted a claim for unpaid sales and use taxes, penalties and interest. As part of an interim resolution of the DOR claim, Debtor and DOR agreed that Debtor would deposit the sum of $120,000 in an escrow account ("Escrow Account") for payment of taxes due to DOR in exchange for DOR withdrawing any objection to entry of the Sale Order.

### B. Business Background

6. The Debtor was established in 1998 in Boulder, Colorado, initially producing twelve ultra-lite backpacking and apparel products that were introduced at the 1999 Outdoor

Retailer Show. Debtor helped create the "Fast and Light" movement, winning awards and recognition for design and function. Debtor eventually offered a full range of lightweight, innovative and sustainable apparel and equipment designed specifically for outdoor athletes.

7. Debtor's initial sales channel was wholesale, selling through specialty retailers and testing at big box stores such as REI. Debtor added an additional sales channel through discount sales from a warehouse and eventually switched to direct retail sales model from leased retail locations.

8. The Debtor elected to use the Chapter 11 process to accomplish a sale of its business and assets in order to achieve the best possible recovery for creditors.

9. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 363(b) and 507 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

## II. BACKGROUND ON TAX CLAIM AND RELIEF REQUESTED

10. On November 17, 2014, DOR filed a proof of claim in the Bankruptcy Case ("**DOR Claim**").

11. The DOR Claim asserts a claim in the aggregate amount of $658,233.00, with the amount of $557,256.00 asserted as a "Priority Statutory Lien" secured claim and $21,665.00 asserted as a general unsecured claim. The DOR Claim further asserts that $79,312.00 of the DOR Claim constitutes taxes and interest owed to a governmental unit as a priority claim under 11 U.S.C. § 507(a)(8).

12. The DOR Claim includes $168,104.00 in asserted penalties and $73,136.00 in asserted interest.

13. The DOR Claim arises out of a pre-petition audit by DOR of the Debtor's records, which resulted in nine notices of deficiency from DOR to the Debtor all dated May 23, 2013, for unpaid sales and use tax for calendar years 2007 through 2012 (collectively, the "**Notices of Deficiency**"). Prior to the Petition Date, the Debtor protested the Notices of Deficiency, and the matter remains pending. Both before and after the Petition Date the Debtor has provided information and documentation to DOR to support the Debtor's assertion that certain of the amounts in the DOR Claim are not in fact owed. The matter has been reviewed by DOR's tax conferee in consultation with the Debtor's tax matters representative.

14. Debtor and DOR have reached an agreement resolving all of the DOR's claims through the Petition Date. A copy of the settlement agreement is incorporated herein and attached hereto as **Exhibit A**.

15. By this Motion, the Debtor seeks authority to enter into the settlement agreement with the DOR, which agreement fixes the amount of the DOR's secured claim, priority claim and unsecured claims, and allows payment of the DOR secured claim from the Escrow Account.

16. Approval of the Tax Settlement Agreement substantially reduces the secured and priority claims asserted by the DOR and frees up a portion of the funds in the Escrow Account for use by the Debtor.

### III.  TERMS OF THE SETTLEMENT AGREEMENT

17. In full settlement of the DOR Claim for sales tax and interest on sales tax for all years subject to the Protest, DOR shall have an allowed secured claim in the amount of $62,918, comprised of sales tax and interest accrued to the Petition Date, plus per diem interest of $8.88 from the Petition Date to the date on which the claim is paid (including post-petition interest, the "**Allowed Secured Sales Tax Claim**").

18. In full settlement of the DOR Claim for use tax for calendar years 2011 and 2012 and interest thereon accrued to the Petition Date, DOR shall have an allowed priority unsecured claim pursuant to 11 U.S.C. § 507(a)(8)(E) in the amount of $51,538.00 ("**Allowed Priority Use Tax Claim**"). Except to the extent provided by 11 U.S.C. § 1129(a)(9)(C), if applicable, no post-petition interest shall accrue on the Allowed Priority Use Tax Claim.

19. In full settlement of the DOR Claim for use tax for calendar years 2007 through 2010 and interest thereon accrued to the Petition Date, DOR shall have an allowed non-priority general unsecured claim in the amount of $27,809.00 ("**Allowed General Unsecured Use Tax Claim**"). No post-petition interest shall accrue on the Allowed General Unsecured Use Tax Claim.

20. In full settlement of all penalties and penalty interest for all years set forth in the DOR Claim, DOR shall have an allowed non-priority general unsecured claim in the amount of $49,597.00.

21. After court approval of the Tax Settlement Agreement Debtor shall pay the Allowed Secured Sales Tax Claim in full from funds in the Escrow Account (the "**Compromise Payment**").

22. Upon the Effective Date of an order approving the Tax Settlement, the amount required to be held in the Escrow Account shall be reduced $62,918, plus per diem interest as provided in Paragraph 2 above.  Debtor shall be allowed to use any funds in excess of the amount of the Allowed Secured Sales Tax Claim, remaining in or deducted from the Escrow Account in any manner and for any purpose allowed under the Bankruptcy Code, as modified by any orders entered in the Bankruptcy Case.

23. Debtor and DOR agree to mutual releases regarding taxes and tax periods set forth in the Notices of Deficiency.

24. There are other terms included in the Tax Settlement Agreement which is incorporated herein and attached hereto as **Exhibit A**.  Interested parties are encouraged to review the entire Tax Settlement Agreement.

## IV. APPLICABLE AUTHORITY

25.     Bankruptcy Rule 9019 provides that, after a hearing on notice to creditors, the court may approve a compromise or settlement.

26.     The law favors compromise and settlement of disputes among parties. *Thompson v. Midwest Found. Indep. Physician Ass'n*, 124 F.R.D. 154 (S.D. Ohio 1988); *Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972). The court must determine whether the compromise or settlement is fair and equitable and in the best interests of the debtor's estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1967); *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (D. Colo. 1989). The court is not required, however, to conduct a "mini-trial" to decide the questions of law or fact raised by the settlement. *In re Lee Way Holding Co.*, 82 B.R. 847, 853 (Bankr. S.D. Ohio 1990).

27.     In evaluating a proposed compromise, it is not necessary for the court to resolve the issues, but only to identify them so that the reasonableness of the compromise may be evaluated. *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

28.     "In assessing whether the proposed settlement fits within the range of reasonableness, the court must consider: '(1) the probable success of the underlying litigation on the merits; (2) the possible difficulty in collection of a judgment; (3) the complexity and expense of the litigation; (4) and the interests of creditors in deference to their reasonable views.'" *In re Brutsche*, 500 B.R. 62, 71 (Bankr. D.N.M. 2013) (quoting *In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997)) (citing *In re Edwards,* 1992 WL 84354, *3 (10th Cir. 1992)).

29.     The party seeking approval of the settlement under Fed. R. Bankr. P. 9019 must show that the proposed settlement is fair, equitable, and in the best interests of the estate. The proposed settlement does not need to represent the best possible outcome. Rather, 'the court need only determine that the settlement does not fall below the lowest point in the range of reasonableness.'" *Id.* at 70-71 (citing *See In re American Reserve Corp.,* 841 F.2d 159, 161 (7th Cir. 1987) (quoting *Tri–State Financial, LLC v. Lovald,* 525 F.3d 649, 654 (8th Cir. 2008)).

30.     "The paramount question in approving a bankruptcy settlement is whether the compromise is in the best interests of the estate. . . . 'As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes.'" *First Premier Cap. LLC v. Brandt*, 465 B.R. 801, 804 (N.D. Ill. 2011) *aff'd sub nom. In re Equip. Acquisition Res. Inc.*, 692 F.3d 558 (7th Cir. 2012) (quoting *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007)).

31.     In this instance, Debtor's judgment is that the Agreement is fair, equitable, and in the best interests of the estate because:

> a. The settlement reduces an aggregate asserted tax claim totaling $658,200 by 70% to an aggregate set of allowed claims totaling $197,862.

    b. The settlement reduces an asserted secured tax claim lien totaling $557,256 by 89% to an allowed secured claim in the amount of $62,918.

    c. The settlement reduces an asserted priority tax claim in the amount of 79,312 by 35% to a priority claim in the amount of $51,538.

    d. The settlement reduces an asserted penalty claim in the amount of 168,104 by 70% to an unsecured claim in the amount of $49,597.

## V.  CONCLUSION

32. The Agreement is fair and equitable to the estate – indeed, in the range of reasonable and probable outcomes, the Agreement is the best possible scenario for reducing significant tax claims that would impede the Debtor moving forward with its reorganization. As such, Debtor respectfully requests the Court approve the Settlement under Fed.R.Bankr.P. 9019(a).

**WHEREFORE**, the Debtor respectfully requests entry of an order of this Court substantially in the form annexed hereto granting it the relief requested by this Motion and such other and further relief as is just and proper.

Dated: December 17, 2014.

By: */s/ Donald D. Allen*
Donald D. Allen, #10340
James T. Markus, #25065
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
1700 Lincoln Street, Suite 4550
Denver, CO  80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
Email: dallen@markuswilliams.com
Email: jmarkus@markuswilliams.com
Counsel for Debtor in Possession

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2014, I caused a true and correct copy of the foregoing **DEBTOR'S MOTION FOR APPROVAL OF TAX SETTLEMENT AGREEMENT AS COMPROMISE UNDER FED. R. BANKR. P. 9019, Notice of the Motion and Proposed Order** to be placed in the United States mail, postage prepaid, to all persons listed below.

James B. Holden
1300 Broadway, 8th Floor
Denver, CO 80203
*Attorney for Dept. of Revenue State of Colorado*

Alan K. Motes
United States Trustee Program
999 18th St., Ste. 1551
Denver, CO 80202
*Attorney for US Trustee*

GEMCAP Lending I, LLC
24955 Pacific Coast Highway, Suite A202
Malibu, CA 90265

Robert A. Boghosian, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue
New York, NY 10170
*Attorney for GEMCAP Lending I, LLC*

Andrew D. Johnson
1801 Broadway, Ste. 900
Denver, CO 80202
*Attorney for 750 Main, LLC*

Dustin P. Branch
Katten Muchin Zavis Rosenman
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
*Attorney for CenterCal Properties, LLC*

Jeffrey L. Cohen
1114 Avenue of the Americas
New York, NY 10036-7798
*Attorney for Official Committee of Unsecured Creditors*

Eric C. Cotton
3300 Enterprise Parkway
PO Box 228042
Beachwood, OH 44122
*Attorney for DDR Aspen Grove Lifestyle Center Properties, LLC*

George Rosenberg
5334 S. Prince St.
Littleton, CO 80166
*Attorney for Arapahoe County Treasurer*

Giovanni M. Ruscitti
1712 Pearl St.
Boulder, CO 80302
*Attorney for Point II, LLC*

Ronald M. Tucker
115 W. Washington St.
Indianapolis, IN 46204
*Attorney for Simon Property Group, LP*

*s/Jenny F. Tokuoka*
Jenny Tokuoka